JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND EMPIRE WATERKEEPER, a program of ORANGE COUNTY COASTKEEPER; ORANGE COUNTY COASTKEEPER, a California non-profit corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>ROBERTSON'S READY MIX, LTD., a California Limited Partnership;<br><br>        Defendant. | Case No.: ED CV 16-825-DMG (JCx)<br><br>**CONSENT DECREE [46]** |

1

The following Consent Decree is entered into by and between Plaintiffs Inland Empire Waterkeeper and Orange County Coastkeeper ("Plaintiffs" or "Waterkeeper"), and Defendant Robertson's Ready Mix, Ltd. ("Defendant" or "Robertson's"). The entities entering into this Consent Decree are each an individual "Settling Party" and collectively "Settling Parties."

**WHEREAS**, Orange County Coastkeeper is a non-profit public benefit corporation organized under the laws of the State of California;

**WHEREAS**, Inland Empire Waterkeeper is a program of Orange County Coastkeeper;

**WHEREAS**, together, Inland Empire Waterkeeper and Orange County Coastkeeper are dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of local surface waters;

**WHEREAS**, Robertson's operates concrete, sand, and gravel storage and delivery facilities located at: (1) 6120 20th Street, Riverside, California, 92509, WDID 8 33I018708 ("Riverside Facility"), (2) 2601 N. Alder Avenue, Rialto, California 92376, WDID 8 36I015507 ("Rialto Facility"), (3) 310 N. Townsend Street, Santa Ana, California 92703, WDID 8 30I011158 ("Santa Ana Facility"), (4) 452 W. Luis Estrada, Road, Beaumont, California 92223, WDID 8 33I013718 ("Beaumont Facility"), (5) 16081 Construction Circle W., Irvine, California 92714, WDID 8 30I013539 ("Irvine Facility"), (6) 14250 Old 215 Frontage Road, Moreno Valley, California 92552, WDID 8 33I024390 ("Moreno Valley Facility"), (7) 116 Rincon Ct., San Clemente, California 92672, WDID 930I013199 ("San Clemente Facility"), (8) 1675 S. State St., San Jacinto, California 92383, WDID 8 33I005071 ("San Jacinto Facility"), and (9) 27050 Watson Road, Sun City, California 92585, WDID 8 33I005069 ("Sun City Facility") (collectively "Facilities");

**WHEREAS**, Robertson's operates and controls the industrial activities at the Facilities;

**WHEREAS**, stormwater discharges associated with industrial activity at the Facility are regulated pursuant to the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 2014-57-DWQ ("Storm Water Permit"), and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342. Depending upon the particular Facility, these industrial activities may include, *inter alia*, unloading trucks transporting sand and gravel; vehicle maintenance, cleaning, and storage; vehicle fueling; transporting raw materials across the site; raw and finished materials storage; weighing aggregate and cement; mixing aggregate, water and cement to form concrete; and loading trucks with concrete;

**WHEREAS**, as the sole operator of the Facilities, Robertson's is responsible for implementing the Clean Water Act, the Storm Water Permit, and the storm water pollution prevention plan ("SWPPP") at the Facilities;

**WHEREAS**, Waterkeeper contends that Robertson's operations at the Facilities result in discharges of pollutants into waters of the United States and contends that those discharges are regulated by the Clean Water Act, Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, the Storm Water Permit includes the following requirements for all permittees, including Robertson's: (1) develop and implement a SWPPP, (2) control pollutant discharges using, as applicable, best available technology economically achievable ("BAT") or best conventional pollutant control technology ("BCT") to prevent or reduce pollutants, (3) implement BAT and BCT through the development and application of Best Management Practices ("BMPs"), which must be included and updated in the SWPPP, and, (4) when necessary, implement additional BMPs to prevent or reduce any pollutants that are causing or contributing to any exceedance of water quality standards ("WQS");

1    **WHEREAS**, on February 18, 2016, March 25, 2016, and June 3, 2016,

2    Waterkeeper served Robertson's, the registered agent of Robertson's, the Administrator

3    of the U.S. Environmental Protection Agency ("EPA"), the Executive Director of the

4    State Water Resources Control Board ("State Water Board"), the Executive Officer of the

5    Santa Ana Regional Water Quality Control Board, and/or the Executive Director of the

6    San Diego Regional Water Quality Control Board ("Regional Water Board"), and the

7    Regional Administrator of EPA Region IX, with a notice of intent to file suit ("60-Day

8    Notice") under Section 505(b)(1)(a) of the of the Clean Water Act, 33 U.S.C.

9    § 1365(b)(1)(A), alleging violations of the Clean Water Act and the Storm Water Permit,

10   Water Quality Order No. 92-12-DWQ, as amended by Water Quality Order 97-03-DWQ,

11   and as amended by Water Quality Order 2014-0057-DWQ, at the Facilities;

12   **WHEREAS**, the Settling Parties refer herein to the 60-Day notices sent on

13   February 18, March 25, and June 3 collectively as "the 60-Day Notices";

14   **WHEREAS**, on April 25, 2016, Waterkeeper filed a complaint against

15   Robertson's in the United States District Court, Central District of California related to

16   the Riverside Facility, Civil Case No. 5:16−cv−00825−DMG−JCx;

17   **WHEREAS**, on May 25, 2016, Waterkeeper filed complaints against Robertson's

18   in the United States District Court, Central District of California related to the Rialto

19   Facility, Civil Case No. 5:16−cv−01085−DMG−JC, and the Santa Ana Facility, Civil

20   Case No. 8:16-cv-00961-DMG-JC;

21   **WHEREAS**, on August 3, 2016, Waterkeeper filed a complaint against

22   Robertson's in the United States District Court, Central District of California related to

23   the Beaumont Facility, Civil Case No. 8:16-cv-01429-DMG-JC;

24   **WHEREAS**, on August 3, 2016, Waterkeeper filed a complaint against

25   Robertson's in the United States District Court, Central District of California related to

26   the Irvine Facility, Civil Case No. 8:16-cv-01432-DMG-JC;

27   **WHEREAS**, on August 3, 2016, Waterkeeper filed a complaint against

28   Robertson's in the United States District Court, Central District of California related to

the Moreno Valley Facility, Civil Case No. 8:16-cv-01434-DMG-JC;

**WHEREAS**, on August 3, 2016, Waterkeeper filed a complaint against Robertson's in the United States District Court, Central District of California related to the San Clemente Facility, Civil Case No. 8:16-cv-01431-DMG-JC;

**WHEREAS**, on August 3, 2016, Waterkeeper filed a complaint against Robertson's in the United States District Court, Central District of California related to the San Jacinto Facility, Civil Case No. 8:16-cv-01427-DMG-JC;

**WHEREAS**, on August 3, 2016, Waterkeeper filed a complaint against Robertson's in the United States District Court, Central District of California related to the Sun City Facility, Civil Case No. 8:16-cv-01428-DMG-JC;

**WHEREAS**, the Court has consolidated the above-referenced cases and the Settling Parties refer herein to the pending complaints in those cases collectively as "the Complaints";

**WHEREAS**, Waterkeeper alleges Robertson's is in violation of the substantive and procedural requirements of the Storm Water Permit and the Clean Water Act;

**WHEREAS**, Robertson's denies all allegations and claims contained in the 60-Day Notices and the Complaints and reserves all rights and defenses with respect to such allegations and claims; and

**WHEREAS**, the Settling Parties have agreed that it is in their mutual interest and choose to resolve in full Waterkeeper's allegations in the 60-Day Notices and Complaints through settlement in order to avoid the cost and uncertainties of further litigation.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES, AND ORDERED AND DECREED BY THE COURT, AS FOLLOWS:**

1.     The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A);

2.     Venue is appropriate in the Central District Court pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because the Facilities at which the

alleged violations took place is located within this District;

3.     For purposes of this Consent Decree, the Complaints state claims upon which relief may be granted against Defendant pursuant to Section 505 of the Clean Water Act, 33 U.S.C. § 1365;

4.     For purposes of the Consent Decree, Plaintiffs have standing to bring this action;

5.     The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court to resolve any timely motion to enforce this Consent Decree;

6.     By so stipulating, and because they only do so in furtherance of this Consent Decree, Defendant does not admit or concede any fact alleged by Plaintiffs in the Complaints to support Plaintiffs' standing or any of Plaintiffs' procedural or substantive claims.

## I.     OBJECTIVES

7.     Without admitting any allegations or any liability relating to the claims set forth in the Complaints, it is the express purpose of the Settling Parties to settle the claims alleged by Waterkeeper in the Complaints relating to the Facilities. In light of this objective and as set forth fully below, Defendant agrees to comply with this Consent Decree, as well as the Storm Water Permit and all applicable provisions of the Clean Water Act relating to Defendant's operation of the Facilities. Specifically, the Storm Water Permit requires BMPs be developed and implemented to achieve BAT and BCT, to achieve compliance with the applicable water quality standards, to prepare reports to track the Facilities' compliance, and to assess the need for any additional improvements or changes at the Facilities. In consideration of Defendant's agreement, and pursuant to the paragraph 5 and the terms set forth below, Waterkeeper shall dismiss the Complaints pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) within fourteen (14) days of the Court's approval of this Consent Decree.

## II.  COMMITMENTS OF THE SETTLING PARTIES

### A.  <u>Agency Review, Effective Date, and Term of Consent Decree</u>

8.     **Agency Review**: Plaintiffs shall submit this Consent Decree to the United States Department of Justice and the Environmental Protection Agency (collectively "Federal Agencies") within three (3) business days of the final signature of the Settling Parties for agency review consistent with 40 C.F.R. § 135.5. In the event that the Federal Agencies object to entry of this Consent Decree, the Settling Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies within a reasonable amount of time.  Following the Federal Agencies' review, Plaintiffs shall submit the Consent Decree to the Court for entry.

9.     **Effective Date**: The Effective Date of this Consent Decree shall mean the day this Consent Decree is fully executed by the Settling Parties.

10.     **Term of Consent Decree**: This Consent Decree shall terminate three (3) years from the Effective Date unless there is an ongoing, unresolved dispute regarding Robertson's compliance with the Consent Decree, in which case the Consent Decree will terminate within fifteen (15) days of notice by the Settling Parties that the dispute has been fully resolved.

11.     **Early Termination**: If Defendant ceases industrial operations at any Facility and files a Notice of Termination ("NOT") under the Storm Water Permit prior to the termination date of this Consent Decree, Defendant shall provide Waterkeeper with a copy of the proposed NOT concurrent with its submittal to the Regional Water Board. Within ten (10) days of the Regional Water Board's approval of the NOT, Defendant shall provide written notification to Waterkeeper of the approval and remit all outstanding payments, including stipulated payments, related to the Facility for which the NOT was approved to Waterkeeper. Within ten (10) days of Waterkeeper's receipt of such notification, the Consent Decree will terminate as to the Facility for which the NOT was approved only, unless there is an ongoing, unresolved dispute regarding Robertson's compliance with the Consent Decree as to that Facility, in which case the Consent Decree

7

will terminate within fifteen (15) days of notice by the Settling Parties that the dispute as to that Facility has been fully resolved.

**B.  Best Management Practices**

12.  **Additional Best Management Practices**: In addition to maintaining the current BMPs at the Facilities, Robertson's shall develop and implement the BMPs identified herein, as well as any other BMPs necessary to comply with the provisions of this Consent Decree and the Storm Water Permit. Specifically, Robertson's shall develop and implement BMPs to prevent and/or reduce contamination in storm water discharges from the Facilities consistent with use of BAT and BCT and/or in compliance with WQS.

13.  **Non-Structural BMPs**: Within forty-five (45) days of the Effective Date, Robertson's shall develop and implement the following non-structural BMPs at the Facilities.

13.1.  Sweeping. Institute a daily sweeping program using a PM-10 compliant, or equivalent as verified under the certification process under the provisions of South Coast Air Quality Management District (AQMD) Rule 1186 Appendix A, wet/dry vacuum sweeper and covering all exterior areas of the Facilities exposed to rainfall or runoff and accessible to the sweeper, including facility driveways to the intersection with the public roadway. To document compliance with this paragraph, Robertson's will institute an established sweeping route map to be followed during daily sweepings, record the length of time of sweeper operation, and will provide these records to Waterkeeper within fourteen (14) days of receipt of a written request;

13.2.  Vehicle Maintenance. Any outdoor vehicle and equipment maintenance will be done in accordance with written standard operating and incident procedures to be developed consistent with the SWPPP, and will be conducted in a contained area, i.e., an area

where a drain cover has been installed;

    13.3.    <u>Slot Drains</u>. Maintain the existing slot drains installed at the Irvine, Santa Ana, and Riverside Facilities, and install slot drains designed to collect all runoff generated within the area of the Facilities controlled by Robertson's as follows:

        13.3.1.    At the entrance/exit northwest driveway of the San Jacinto Facility;

        13.3.2.    At the entrance/exit point of the Rialto Facility; and

        13.3.3.    At the exit of the San Clemente Facility, if the run-on from the City of San Clemente municipal separate storm sewer system is not eliminated.

Storm water collected in the slot drains will be pumped to the water recycling system(s) at the applicable facility.

14.    Robertson's shall confirm that the non-structural BMPs have been implemented by submitting revised SWPPPs for the Facilities as set forth in paragraph 25 below.

15.    **85th Percentile Storm Water Retention BMP**:  Within one hundred and fifty (150) days of the Effective Date, Robertson's shall develop and implement storm water retention BMP(s) at the Riverside, Rialto, Beaumont, Moreno Valley, San Clemente, San Jacinto and Sun City Facilities, and as of the Effective Date maintain the existing storm water collection and recycling system at the Riverside and Moreno Valley Facilities, designed to retain storm water at the Facilities up to and including the 85th percentile storm event.

    15.1.    Within sixty (60) days of the Effective Date, Robertson's shall submit an 85th Percentile Storm Water Retention Plan for the Riverside, Rialto, Beaumont, San Clemente, Moreno Valley, and San Jacinto Facilities to Waterkeeper for review and comment. The 85th Percentile Storm Water Retention Plan shall, at a minimum, specify (1) the drainage area contributing to the

retention facility; (2) the storm runoff volume associated with the 85th Percentile event; (3) the facility's location, inlet, plan and elevation views with dimensions, volume, and outlet; (4) the receiver of the discharge (e.g., municipal storm drain system, a receiving water body); (5) the volume of water to be pumped for use in the industrial process(es) during and following storm events; and (6) a quantitative hydrologic analysis, including use of site-specific run-off coefficients, that demonstrates how the retention capacity and facility operating procedures will meet the design standard set out in this section;

15.2.     Waterkeeper shall have thirty (30) days from receipt to provide comments on the 85th Percentile Storm Water Retention Plan to Robertson's;

15.3.     Within twenty-one (21) days of receipt of comments from Waterkeeper, Robertson's shall incorporate Waterkeeper's comments into the 85th Percentile Storm Water Retention Plan, or justify in writing why any comment is not incorporated.

16.     **Enhanced Storm Water Retention BMP**:  Within one hundred and fifty (150) days of the Effective Date, Robertson's shall develop and implement storm water retention BMP(s) at the Irvine and Santa Ana Facilities designed to retain the maximum volume that can be retained within operating constraints above the 85th Percentile storm event based on the calculations to be completed pursuant to paragraph 16.1 ("Enhanced Storm Water Retention").

16.1.     Within sixty (60) days of the Effective Date, Robertson's shall submit an Enhanced Storm Water Retention Plan for the Santa Ana and Irvine Facilities to Waterkeeper for review and comment. The Enhanced Storm Water Retention Plan shall, at a minimum, specify (1) the drainage area contributing to the retention facility;

10

(2) the storm runoff volume associated with the maximum volume that can be retained within operating constraints above the 85th Percentile storm event; (3) the facility's location, inlet, plan and elevation views with dimensions, volume, and outlet; (4) the receiver of the discharge (e.g., municipal storm drain system, a receiving water body); (5) the volume of water to be pumped for use in the industrial process(es) during and following storm events; and (6) a quantitative hydrologic analysis, including use of site-specific run-off coefficients, that demonstrates how the retention capacity and facility operating procedures will meet the design standard set out in this section;

16.2.   Waterkeeper shall have thirty (30) days from receipt to provide comments on the Enhanced Storm Water Retention Plan to Robertson's;

16.3.   Within twenty-one (21) days of receipt of comments from Waterkeeper, Robertson's shall incorporate Waterkeeper's comments into the Enhanced Storm Water Retention Plan, or justify in writing why any comment is not incorporated.

17.   **Storm Water Recycling and/or Use**:  Robertson's is encouraged to recycle and/or make use of storm water, retained or otherwise, at the Facilities to eliminate storm water discharges from the Facilities above the design standards set out in paragraphs 15 and 16.

18.   **Non-Storm Water Discharges**:  As of the Effective Date, Robertson's shall develop and implement BMPs designed to eliminate all unauthorized non-storm water discharges at the Facilities.

### C. <u>Storm Water Discharge Points, Sampling, and Visual Observations</u>

19.   **Storm Water Discharge Points:**  Except in storm event(s) above the design standards set out in paragraphs 15 and 16 above, Robertson's shall discharge storm water

from the Facilities from the following discharge points only:

19.1.    The entrance and exit driveways at the Beaumont Facility;

19.2.    The entrance and exit driveways at the Irvine Facility;

19.3.    The entrance and exit driveways at the Moreno Valley Facility;

19.4.    The entrance and exit driveway at the Rialto Facility;

19.5.    The entrance and exit driveways at the Riverside Facility;

19.6.    The entrance and exit driveways at the San Clemente Facility;

19.7.    The entrance and exit driveways at the San Jacinto Facility;

19.8.    The entrance and exit driveways at the Santa Ana Facility; and

19.9.    The entrance and exit driveways at the Sun City Facility.

20.    **Storm Water Sampling**:  The following storm water monitoring procedures shall be implemented at the Facilities.

20.1.    <u>Frequency</u>. During the 2016-2017 reporting year, Robertson's shall collect at least four (4) samples of a storm water discharge resulting from a Qualified Storm Event ("QSE") as defined in Section XI(B)(1) and Section XI(B)(5) of the Storm Water Permit. During the 2017-2018 and 2018-2019 reporting years, Robertson's shall collect at least one (1) samples of a storm water discharge resulting from a Qualified Storm Event ("QSE") as defined in Section XI(B)(1) and Section XI(B)(5) of the Storm Water Permit during the first half of the reporting year (July 1 to December 31) and from at least one (1) QSEs during the second half of the reporting year (January 1 to June 30).  Robertson's shall also collect samples of the discharge of retained storm water at the time of the discharge;

20.2.    <u>Location</u>. During the life of this Consent Decree, Robertson's shall collect samples from all locations at each Facility where storm water discharges from the Facility, including the discharge points

listed in paragraphs 19.1 through 19.9 above;

20.3.    <u>Parameters</u>. All samples collected pursuant to this section shall be analyzed for the parameters listed in Tables 1-3, except to the extent Robertson's is entitled to a sampling reduction pursuant to Paragraph 20.9 of this Consent Decree;

20.4.    <u>Lab</u>. A laboratory accredited by the State of California shall analyze all samples collected pursuant to this Consent Decree, excepting pH which will be analyzed onsite using a calibrated portable instrument for pH at the Rialto and Santa Ana Facilities, and pH test strips at all other Facilities, both in accordance with accompanying manufacturer's instructions. If two sampling events in any sampling year using pH test strips indicate pH outside the range specified in Tables 1-3 herein at any Facility, Robertson's shall thereafter use a calibrated portable instrument for pH at that Facility;

20.5.    <u>Detection Limit</u>. The laboratory shall use analytical methods adequate to detect the individual contaminants at or below the values specified in Tables 1-3;

20.6.    <u>Holding Time</u>. All samples collected from the Facilities shall be delivered to the laboratory and analyzed within the holding times required in 40 CFR Part 136, excepting pH which will be analyzed as described in paragraph 20.4 above;

20.7.    <u>Lab Reports</u>. Robertson's shall request that sample-analysis results and associated chain of custody forms be reported to them within fourteen (14) days of laboratory receipt of the sample so long as Robertson's would incur no additional charge, otherwise Robertson's will request that sample-analysis results and associated chain of custody forms be reported to them within the

13

1    shortest time frame that would not result in an additional charge;

2    20.8.    Reports to Waterkeeper. Robertson's shall provide the complete

3    lab results and pH results of all samples collected at the Facilities

4    to Waterkeeper within fourteen (14) days of receiving the lab

5    results;

6    20.9.    Sampling Reduction. Robertson's may discontinue analyzing

7    storm water samples collected pursuant to this Consent Decree at

8    any discharge location(s) for a constituent listed in Table 1 that is

9    not otherwise required by Section XI(B)(6) or Table 1 of the

10   Storm Water Permit, if the sample result for the Tables 1-3

11   constituent is not detected above the limits stated in Tables 1-3 for

12   three (3) consecutive sample results or non-detections for two

13   consecutive sampling results, and Robertson's has collected and

14   analyzed the sample pursuant to this Consent Decree.

15   21.    **Storm Water Discharge Observations**:  During the term of this Consent

16   Decree, Robertson's shall conduct visual observations at each discharge location at each

17   Facility during every rain event that produces a storm water discharge during operating

18   hours as defined in the SWPPPs, and shall conduct visual observations at each retention

19   BMP developed at each Facility pursuant to paragraph 15 or 16 during every rain event to

20   confirm whether a storm water discharge occurs.

21   22.    **Non-Storm Water Discharge Observations**:  During the term of this Consent

22   Decree, at each Facility Robertson's shall conduct monthly non-storm water visual

23   observations at each discharge location.

24   23.    **Visual Observations Records**:  Robertson's shall maintain observation records

25   to document compliance with paragraphs 21 and 22, and shall provide Waterkeeper with

26   a copy of these records within fourteen (14) days of receipt of a written request from

27   Waterkeeper for the records.

28

14

**D.  Employee Training, Storm Water Pollution Prevention Plan, and Monitoring and Reporting Program**

24.  **Employee Training Program**:  Within sixty (60) days of the Effective Date, Robertson's shall develop and implement a training program for employees responsible for implementing the SWPPP, M&RP, and this Consent Decree at each Facility ("responsible employees"), including any training materials needed for effective implementation of the training program, for each Facility ("Training Program"). The Training Program shall ensure:  (1) that there is a sufficient number of responsible employees delegated to implement the requirements of the Storm Water Permit and this Consent Decree, and (2) that these responsible employees are properly trained to perform the activities required by the Storm Water Permit and this Consent Decree. At a minimum, the Training Program shall require the following:

24.1.  Language. Robertson's shall conduct the Training Program in the language or languages in which responsible employees participating are fluent;

24.2.  BMP Training. Robertson's shall train responsible employees working at each Facility on the BMPs included in this Consent Decree and the SWPPP to ensure that BMPs are implemented effectively and on schedule and structural BMPs are maintained properly at each Facility.  Robertson's shall train said employees on their specific responsibilities in implementing BMPs.  The training must include proper handling (collection, storage and disposal) of oil, anti-freeze/coolant, admixtures and solvents;

24.3.  Sampling Training. Robertson's shall designate responsible employees at each Facility to collect storm water samples as required by this Consent Decree.  The Training Program shall include the proper sampling protocols to ensure storm water samples are properly collected, stored, and submitted to a certified

1    laboratory;

2    24.4.    <u>Visual Observation Training</u>. Robertson's shall provide training on

3            how and when to properly conduct visual observations to

4            responsible employees performing visual observations at each

5            Facility.  The training will be provided consistent with the

6            Employee Training Program;

7    24.5.    <u>Non-Storm water Discharge Training</u>. Robertson's shall train

8            responsible employees at each Facility on the Storm Water

9            Permit's prohibition of non-storm water discharges, so that said

10           employees know what non-storm water discharges are, that non-

11           storm water discharges can result from improper surface washing

12           or dust control methods, and how to detect and prevent non-storm

13           water discharges;

14   24.6.    <u>Employees</u>. Responsible employees at each Facility with

15           responsibilities for compliance with this Consent Decree shall

16           participate in the Training Program within thirty (30) days of the

17           Effective Date and annually thereafter.  Any new employees

18           assuming responsibilities for complying with this Consent Decree

19           shall participate in the Training Program within thirty (30) days of

20           their hiring date;

21   24.7.    <u>Knowledgeable Representative</u>. The Training Program shall be

22           provided by a private consultant or representative of Robertson's

23           who is Qualified Industrial Storm Water Practitioner (QISP)

24           certified and familiar with the requirements of this Consent Decree

25           and the Storm Water Permit;

26   24.8.    <u>Training Records</u>. Robertson's shall maintain training records to

27           document compliance with this section, and shall provide

28           Waterkeeper with a copy of these records within fourteen (14)

days of receipt of a written request; and

24.9.    <u>Integration of Employee Training Updates into SWPPP</u>.
Robertson's shall update the SWPPP, if and when appropriate, to
identify the positions and persons responsible for carrying out
storm water management, monitoring, sampling, and SWPPP
implementation.

25.    **Storm Water Pollution Prevention Plan**:  Within sixty (60) days of the
Effective Date, Robertson's shall amend the Facilities SWPPPs to incorporate the
requirements and BMPs set forth in this Consent Decree. Robertson's shall submit the
updated SWPPPs to Waterkeeper within ten (10) business days thereafter.

25.1.    <u>Waterkeeper's Review of SWPPP</u>. Waterkeeper shall have thirty
(30) days from receipt of the amended SWPPPs to propose any
changes to the SWPPPs. Within thirty (30) days of notification by
Waterkeeper of any proposed changes to the SWPPP, Robertson's
shall make all of Waterkeeper's changes to the amended SWPPP
or justify in writing why a change is not incorporated;

25.2.    Compliance with the SWPPPs, as amended in accordance with this
section, shall, at all times, be a requirement of this Consent
Decree;

25.3.    Robertson's shall revise the Facilities SWPPPs if there are any
material changes in a Facility's operations, including, but not
limited to, changes to storm water discharge points or BMPs
within forty-five (45) days of the changes.

26.    **Revised Monitoring and Reporting Program**:  Within sixty (60) days of the
Effective Date, Robertson's shall amend the Facilities' Monitoring Implementation Plan
("MIPs") to incorporate the sampling and monitoring requirements set forth in this
Consent Decree.  Robertson's shall submit the updated MIP to Waterkeeper within ten
(10) business days thereafter.

26.1.   <u>Waterkeeper's Review of MIP</u>. Waterkeeper shall have thirty (30) days from receipt of the amended MIPs to propose any changes to the MIP. Within thirty (30) days of notification by Waterkeeper of any proposed changes to the MIP, Robertson's shall make all of Waterkeeper's changes to the amended MIP or justify in writing why a change is not incorporated;

26.2.   Compliance with MIPs, as amended in accordance with this section, shall, at all times, be a requirement of this Consent Decree;

26.3.   Robertson's shall revise a Facility's MIP if there are any material changes in a Facility's operations, including, but not limited to, changes to storm water discharge points or BMPs. These MIP revisions shall occur within forty-five (45) days of the changes.

**E.   <u>Reduction of Storm Water Discharges</u>**

27.   **Storm Water Discharge Reduction**:  Robertson's shall implement measures, including the storm water retention BMPs listed above, designed to reduce the volume of storm water discharged from the Facilities. Beginning in the 2017-2018 reporting year, or upon completion of the BMPs set out in paragraphs 15 and 16 whichever is earlier,[1] the occurrence of a storm water discharge from a Facility that resulted from a discharge from the retention BMPs listed above, as documented by sample(s) collected pursuant to paragraph 20.1 and/or visual observations pursuant to paragraph 21, shall trigger the action plan requirements of paragraph 28 below.

28.   **Storm Water Discharge Reduction Action Plan**:  Under the circumstances set out in paragraph 27 above, Robertson's shall develop and implement an action plan designed to achieve the design standards set out in paragraphs 15 or 16, as applicable, or to confirm that the discharge resulted from a storm event(s) above those design standards

---

[1] The "reporting year" is July 1-June 30.

("Retention Action Plan").  In any reporting year that a Retention Action Plan is required, it shall be submitted no later than one hundred and twenty (120) days from the date of the discharge triggering the Retention Action Plan.  At a minimum, a Retention Action Plan shall include:

      28.1.      The identification of the location of the discharge;

      28.2.      An assessment of the size of the storm event that resulted in the discharge;

      28.3.      If the storm-size assessment determines that the storm water discharge occurred during a storm event(s) up to and including the design standards listed in paragraphs 15 or 16, as applicable, the identification of additional BMPs, including an evaluation of increased retention of storm water, that are designed to achieve compliance with the storm water design standards set out in paragraphs 15 or 16, as applicable;

      28.4.      The time schedule(s) for implementation shall ensure that all BMPs are implemented as soon as possible, but in no case later than October 1 (prior to the start of the next Wet Season). Robertson's may seek an extension of the October 1 deadline if necessary, to implement structural BMPs and/or storm water discharges triggering a Retention Action Plan occurred in the second half of the reporting year.  Waterkeeper's consent to Defendant's requested extension shall not be unreasonably withheld.

      28.5.      Anytime a Retention Action Plan is completed after Waterkeeper's review, as set forth in paragraph 31 below, Defendant shall also revise its M&RP and SWPPP as applicable within thirty (30) days.

**F.   Reduction of Pollutants in Storm Water Discharges**

29.   **Storm Water Contaminant Reduction**:  Robertson's shall implement measures designed to achieve the limits in Tables 1-3, below, as applicable to the specified Facilities ("Numeric Limits").  Beginning in the 2017-2018 reporting year, if storm water samples collected at the same sampling location demonstrate an exceedance of a numeric limit for a parameter listed in Tables 1-3 from two (2) consecutive storm events, Defendant shall comply with the action plan requirements of paragraph 30 for solely the drainage area(s) where the exceedances occurred ("Reduction Action Plan"). Discharges from any Facility occurring as a result of precipitation that exceeds the design standards set out in paragraphs 15 and/or 16 shall not trigger the requirement for Robertson's to prepare a Reduction Action Plan.

**Table 1 – Beaumont, Moreno Valley, Rialto, Riverside, Sun City, and San Jacinto Facilities**

| Contaminant | Numeric Limit (All but pH expressed as mg/L; hardness-dependent limits in bold) |
|---|---|
| Total Suspended Solids | 100 |
| Oil and Grease (O&G) | 15 |
| Chemical Oxygen Demand | 120 |
| Total Recoverable Aluminum | 0.75 |
| Total Recoverable Iron | 1.0 |
| Total Recoverable Zinc | **0.260** |
| Total Recoverable Lead | **0.170** |
| pH | 6.5 to 8.5 s.u. |

**Table 2 – Santa Ana and Irvine Facilities**

| Contaminant | Numeric Limit (All but pH expressed as mg/L; hardness-dependent limits in bold) |
|---|---|
| Total Suspended Solids | 100 |
| Oil and Grease (O&G) | 15 |
| Chemical Oxygen Demand | 120 |
| Total Recoverable Aluminum | 0.75 |
| Total Recoverable Arsenic | 0.15 |
| Total Recoverable Iron | 1.0 |
| Total Recoverable Zinc | **0.213** |
| Total Recoverable Lead | **0.194** |
| Total Recoverable Copper | **0.0266** |
| pH | 6.5 to 8.5 s.u. |

**Table 3 – San Clemente Facility**

| Contaminant | Numeric Limit<br>(All but pH expressed as mg/L; hardness-dependent limits in bold)[2] |
|---|---|
| Total Suspended Solids | 100 |
| Oil and Grease (O&G) | 15 |
| Chemical Oxygen Demand | 120 |
| Total Recoverable Aluminum | 0.75 |
| Total Recoverable Iron | 0.3 |
| Total Recoverable Zinc | **0.13** |
| Total Recoverable Lead | **0.095** |
| pH | 6.5 to 8.5 s.u. |

30.    **Reduction Action Plan:**  Defendant shall submit a plan for reducing and/or eliminating the discharge of pollutants if the circumstances set in paragraph 29 occur.  In any reporting year that a Reduction Action Plan is required, it shall be submitted no later than one hundred and twenty (120) days from the date of the exceedance triggering the Reduction Action Plan.

30.1.    Each Reduction Action Plan submitted shall include at a minimum:  (1) the identification of the pollutant(s) discharged in excess of the Numeric Limit(s); (2) an assessment of the source of each pollutant exceedance; (3) the identification of additional BMPs, including treating storm water prior to discharge from the Facility, that will be implemented to achieve compliance with the

---

[2] Several of the Numeric Limits are hardness dependent. The hardness dependent limits are in bold. The 2008 EPA Benchmark based limits expressed assume hardness of 101 mg/l CaCO3. Defendant may adjust the limit using the methods provided in Appendix J of the 2008 EPA Multi-Sector General Permit based on receiving water sampling hardness data as applicable.

Numeric Limit(s); and (4) time schedules for implementation of the proposed BMPs.

30.2.   The time schedule(s) for implementation shall ensure that all BMPs are implemented as soon as possible, but in no case later than October 1 (prior to the start of the next Wet Season). Robertson's may seek an extension of the October 1 deadline if necessary, to implement structural BMPs and/or storm water discharges triggering a Reduction Action Plan occurred in the second half of the reporting year. Waterkeeper's consent to Defendant's requested extension shall not be unreasonably withheld.

30.3.   Anytime a Reduction Action Plan is completed after Waterkeeper's review, as set forth in paragraph 31 below, Defendant shall also revise its M&RP and SWPPP as applicable within thirty (30) days.

31.   **Waterkeeper Review of Action Plans**:   Waterkeeper shall have thirty (30) days from receipt to propose revisions to a Retention Action Plan and/or a Reduction Action Plan.   However, if Waterkeeper notifies Robertson's within thirty (30) days of receipt of a Retention Action Plan and/or a Reduction Action Plan that it is unable to provide comments within thirty (30) days, Waterkeeper shall have an additional fifteen (15) days to propose revisions to a Retention Action Plan and/or a Reduction Action Plan. Within thirty (30) days of receiving Waterkeeper's proposed revisions, Robertson's shall consider each of Waterkeeper's recommended revisions to a Retention Action Plan and/or a Reduction Action Plan, and accept them or timely request to meet and confer, in accordance with this Consent Decree.   Upon completion of the review and comment period, Robertson's shall:

31.1.   Implement a Retention Action Plan(s) and/or a Reduction Action Plan(s) adopted pursuant to this Consent Decree as an obligation

of this Consent Decree;

31.2.    Diligently file and pursue all required local agency applications for permits and/or approvals for the BMPs included in any a Retention Action Plan and/or a Reduction Action Plan; and

31.3.    Within thirty (30) days after BMPs set forth in a Retention Action Plan and/or a Reduction Action Plan pursuant to this Consent Decree are implemented, amend the Facility SWPPP to include all BMP revisions or additions not otherwise already implemented and included in the SWPPP and shall provide Waterkeeper with a copy of such revised SWPPP.

**G.  Compliance Monitoring and Reporting**

32.    **Site Inspections**:  By the end of the 2016-2017 reporting year, Robertson's shall permit representatives of Waterkeeper to perform up to one (1) physical inspection of the Beaumont Facility during operating hours.  During the second year of the Consent Decree term, Robertson's shall permit representatives of Waterkeeper to perform up to one (1) physical inspection per year of each of the Facilities during operating hours. Waterkeeper shall provide Robertson's at least five (5) business-days' notice in advance of such site inspections.  Robertson's shall have the right to request an alternative date for said inspection that is within ten (10) days of the date noticed by Waterkeeper. Waterkeeper shall comply with all safety instructions provided to Waterkeeper by Robertson's staff during all site inspections.  During site inspections, Waterkeeper shall be allowed to inspect any SWPPPs, MIP, and logs, sample any storm water discharges, and take photos and/or videos.

33.    **Document Provision**: During the Term of this Consent Decree, Robertson's shall provide Waterkeeper with a copy of all documents and communications related to the Storm Water Permit submitted to the Regional Water Board, the State Water Board, and/or any Federal, State, local agency, county, or municipality.  Such documents and reports shall be transmitted to Waterkeeper concurrently as they are sent to the agencies

1  and/or municipalities.  Any correspondence related to the Storm Water Permit received

2  by Robertson's from any Federal, State, local agency, county, or municipality shall be

3  provided to Waterkeeper via email within three (3) business days of receipt by

4  Robertson's.

5      34.  **Compliance Monitoring and Oversight**:  Robertson's agrees to partially

6  defray Waterkeeper's monitoring of Robertson's compliance with this Consent Decree in

7  the amount of Thirty One Thousand Five Hundred Dollars ($31,500.00).  The payment

8  shall be made within ten (10) days of the end of the 45-day Federal Agencies review

9  period described in paragraph 8 above or within (10) days of the date the Federal

10  Agencies inform the Court that they have no objections to entry of this Consent Decree,

11  whichever is sooner, payable to:  "Orange County Coastkeeper" and delivered by wire

12  transfer to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa,

13  CA 92626.

14      35.  **Action Plan Payments**:  If Robertson's is required to submit a Retention

15  Action Plan and/or a Reduction Action Plan to Waterkeeper pursuant to this Consent

16  Decree, Robertson's shall make an Action Plan payment of Four Thousand Five Hundred

17  Dollars ($4,500.00) per Action Plan, made payable to: "Orange County Coastkeeper,"

18  and shall deliver such payment by certified mail or overnight delivery, unless payment

19  via wire transfer, to:  Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110,

20  Costa Mesa, CA 92626.  Payment shall be made contemporaneous with the submittal of

21  the Action Plan.

22      **H.  Environmental Mitigation, Litigation Fees And Costs, Stipulated**

23         **Penalties, and Interest**

24      36.  **Environmental Mitigation Project**:  To remediate environmental harms

25  resulting from allegations in the Complaint, Robertson's agrees to make a payment of

26  Twenty Thousand Dollars ($20,000.00) to the Tucker Wildlife Sanctuary and a payment

27  of Thirty Thousand Dollars ($30,000.00) to the Riverside Land Conservancy to fund

28  environmental project activities that will benefit the Southern California Bight and its

watershed. The payments shall be made within ten (10) days of the entry of this Consent Decree by the Court payable to the "Tucker Wildlife Sanctuary" c/o Executive Director Marcella Gilchrist and "Riverside Land Conservancy" c/o Gail Egenes, Executive Director and delivered via certified mail, overnight delivery, or wire transfer to: "Tucker Wildlife Sanctuary, 29322 Modjeska Canyon Road, Silverado, CA 92676-9801" and "Riverside Land Conservancy, 4075 Mission Inn Avenue, Riverside, CA 92501." Robertson's shall provide Waterkeeper with a copy of such payment at the time it is made.

37. **Waterkeeper's Litigation Costs**: To partially reimburse Waterkeeper for its investigation fees and costs, expert/consultant fees and costs, reasonable attorneys' fees, and other costs incurred as a result of investigating and filing the lawsuit, and negotiating this Consent Decree, Robertson's shall pay the amount of Two Hundred Forty Eight Thousand Five Hundred Dollars ($248,500.00). The payment shall be made within ten (10) days of the end of the 45-day Federal Agencies review period described in paragraph 8 above or within ten (10) days of the date the Federal Agencies inform the Court that they have no objections to entry of this Consent Decree, whichever is sooner, payable to: "Orange County Coastkeeper" and delivered by wire transfer to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626.

38. **Stipulated Penalties**: Robertson's shall make a remediation payment of One Thousand Dollars ($1,000.00) for each missed deadline (defined to be the applicable due date, plus three days) included in the Consent Decree or the failure to collect a storm water sample required under this Consent Decree after the Effective Date. Payments for missed deadlines shall be made to "Tucker Wildlife Sanctuary" and delivered via certified mail, overnight delivery, or wire transfer to: "Tucker Wildlife Sanctuary" c/o Executive Director Marcella Gilchrist at Tucker Wildlife Sanctuary, 29322 Modjeska Canyon Road, Silverado, CA 92676-9801. Robertson's agrees to make the stipulated payment within thirty (30) days of a missed deadline. Robertson's shall provide Waterkeeper with a copy of each such payment at the time it is made.

39. **Interest on Late Payments:** Robertson's shall pay interest on any payments, fee or costs owed to Waterkeeper under this Consent Decree that Waterkeeper has not received by the applicable date due, plus three days. The interest shall accrue starting the first day after the payment is due and shall be computed at 1.0% per month (12% per year).

## III.   DISPUTE RESOLUTION

40. The Court shall retain jurisdiction over this matter for the term of the Consent Decree for the purposes of enforcing its terms and conditions, and adjudicating all disputes among the Settling Parties that may arise under the provisions of the Consent Decree. The Court shall have the authority to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

41. If a dispute under this Consent Decree arises or the Settling Parties believe that a breach of this Consent Decree has occurred, they shall follow the following procedure:

      41.1.    <u>Meet and Confer</u>. A Party to this Consent Decree shall invoke the dispute resolution procedures of this Section by notifying all other Settling Parties of the matter(s) in dispute. The Settling Parties shall schedule a meet and confer in good faith (either telephonically or in person) within ten (10) days from the date of the notice. The Settling Parties may elect to extend this time in an effort to resolve the dispute without court intervention;

      41.2.    If the Settling Parties fail to meet and confer, or cannot resolve a dispute through the informal meet and confer process, the Settling Parties agree to request a settlement meeting or conference before the Magistrate Judge assigned to this action. The Settling Parties agree to file any waivers necessary for the Magistrate Judge to preside over any settlement meeting or conference. In the event that the Settling Parties cannot resolve the dispute within sixty (60) days of the initial settlement meeting or conference with the

Magistrate Judge, the Settling Parties agree that the dispute may be submitted for formal resolution by filing a motion before the United States District Court for the Central District of California. The Settling Parties agree to request an expedited hearing schedule on the motion;

41.3.    The Settling Parties shall be entitled to seek fees and costs incurred in the Dispute Resolution process described in this section pursuant to the provisions set forth in the Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), and applicable case law interpreting such provisions.

42.    Defendant agrees not to challenge Waterkeeper's standing in any proceeding to enforce this Consent Decree pursuant to Section III following entry of the Consent Decree and the dismissal of the action without prejudice.  However, Defendant reserves the right to challenge Plaintiffs' standing as to any additional claims unrelated to the enforcement of the Consent Decree.

## IV.    MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

43.    **Waterkeeper's Release:**  Waterkeeper, on its own behalf and on behalf of its officers, directors, employees, parents, subsidiaries, affiliates and each of their successors and assigns releases Robertson's Ready Mix, Ltd., its officers, directors, employees, members, parents, subsidiaries, affiliates, successors or assigns, agents, attorneys and other representatives from, and waives all claims raised in or pertaining to, the 60-Day Notices and/or the Complaints, including, but not limited to, all claims for fees (including fees of attorneys, experts, and others), costs, expenses, or any other sum incurred or claimed or which could have been claimed for matters included in the 60-Day Notices and/or the Complaints up to the Effective Date.

44.    **Robertson's Waiver and Release of Waterkeeper:**  Robertson's, on its own behalf and on behalf of its officers, directors, employees, members, parents, subsidiaries, affiliates, or their successors or assigns releases Waterkeeper and its officers, directors,

28

employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns from, and waives all claims which arise from or pertain to, the 60-Day Notices and/or the Complaints, including, but not limited to, all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed for matters included in the 60-Day Notices and/or the Complaints up to the Effective Date.

45.     Nothing in this Consent Decree limits or otherwise affects Waterkeeper's rights to address or take any position that they deem necessary or appropriate in any formal or informal proceeding before the State Water Board, Regional Water Board, EPA, or any other judicial or administrative body on any matter relating to Robertson's compliance with the Storm Water Permit or the Clean Water Act occurring or arising after entry of this Consent Decree.

## V.     MISCELLANEOUS PROVISIONS

46.     **No Admission of Liability**:  Neither this Consent Decree, the implementation of additional BMPs or any payment pursuant to the Consent Decree shall constitute or be construed as a finding, admission, or acknowledgement of any fact, law, rule, or regulation.  Defendant maintains and reserves all defenses it may have to any alleged violations that may be raised in the future.

47.     **Execution in Counterparts**:  The Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy, email of a .pdf signature, and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

48.     **Signatures**:  The Settling Parties' signatures to this Consent Decree transmitted by facsimile or electronic mail transmission shall be deemed binding.

49.     **Construction**:  The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the Storm Water Permit, the Clean Water Act, or specifically herein.  The captions and paragraph headings used in this Consent Decree are for reference only and shall not affect

the construction of this Consent Decree.

50.    **Authority to Sign**:  The undersigned representatives for Waterkeeper and Robertson's each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.

51.    **Integrated Consent Decree**:  This is an integrated Consent Decree.  This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Settling Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations and warranties, express or implied, oral or written, of the Settling Parties concerning the subject matter of this Consent Decree.

52.    **Severability**:  In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

53.    **Choice of Law**:  This Consent Decree shall be governed by the laws of the United States.

54.    **Full Settlement**:  This Consent Decree constitutes a full and final settlement of this matter.

55.    **Negotiated Agreement**:  The Settling Parties have negotiated this Consent Decree, and agree that it shall not be construed against the party preparing it, but shall be construed as if the Settling Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

56.    **Modification of the Agreement**:  This Consent Decree, and any provisions herein, may not be changed, waived, or discharged, or terminated unless by a written instrument, signed by each of the Settling Parties and approved by the Court.

57.    **Assignment**:  Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Settling Parties, and their successors and assigns.  Robertson's shall notify Waterkeeper within ten (10) days of any assignment, in conformity with the paragraph below.

58.     **Correspondence**:  All notices required herein or any other correspondence pertaining to this Consent Decree shall be sent to the Settling Parties as follows:

If to Plaintiffs:

   Garry Brown, Executive Director
       garry@coastkeeper.org
   Colin Kelly, Senior Staff Attorney
       colin@coastkeeper.org
   3151 Airway Avenue, Suite F-110
   Costa Mesa, California 92626

If to Defendant:
   Mervyn Encarnacion
   200 S. Main Street, Suite 200
   Corona, CA 92882
   mye@rrmca.com

The Settling Parties agree to transmit documents electronically.  Electronically transmitted documents shall be deemed submitted on the date of the electronic transmission.  Any change of address or addresses shall be communicated in the manner described above for giving notices.

59.     **Impossibility of Performance**:  No Party shall be considered to be in default in the performance of any of its obligations under this Consent Decree when performance becomes impossible due to circumstances beyond the Party's control and without its fault or negligence, including without limitation acts of third parties (not including Robertson's employees) and any act of God, act of war or terrorism, fire, earthquake, and flood.  "Circumstances beyond the Party's control" shall not include normal inclement weather, economic hardship, or inability to pay.  Any Party seeking to rely upon this paragraph shall have the burden of establishing that it could not reasonably have been expected to avoid, and which by exercise of due diligence has been unable to overcome, the impossibility of performance.  The Settling Parties shall exercise due diligence to

31

resolve and remove any force majeure event.  Delay in compliance with a specific obligation under this Consent Decree due to force majeure as defined in this paragraph shall not excuse or delay compliance with any or all other obligations required under this Consent Decree.

The Settling Parties hereto entered into this Consent Decree and submitted it to the Court for its approval and entry as a final judgment.

**IN WITNESS WHEREOF**, the undersigned has executed this Consent Decree as of the date first set forth below.

All scheduled dates and deadlines are VACATED.

**IT IS SO ORDERED.**

DATED:  February 3, 2017

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE